WICKLINE, APPELLEE, *v.* OHIO BELL TELEPHONE COMPANY, APPELLANT; CONNOR, ADMR., APPELLEE.

(No. 82AP-748—Decided March 22, 1983.)

Messrs. *Larrimer & Larrimer* and Mr. *Craig Aalyson,* for appellee Lawrence Wickline.

*Baughman & Associates Co., L.P.A.,* Mr. *Theodore A. Bowman* and Mr. *Richard Davies,* for appellant.

Mr. *Anthony J. Celebrezze, Jr.,* attorney general, and Mr. *Gerald H. Waterman,* for appellee Administrator.

McCORMAC, J. Lawrence Wickline, plaintiff-appellee, was injured on October 23, 1975, in the course of his employment with Ohio Bell Telephone Company, defendant-appellant. His claim for workers' compensation benefits was allowed for a bruised left knee and ankle, an injury to the left hip, bruises to both shins and elbows, and a displacement of an intervertebral disc in the cervical spine.

On March 17, 1980, Wickline filed an

application for determination of percentage of permanent partial disability and received a thirty percent award, from which no appeal was taken. Subsequently, Wickline filed an election to receive compensation under R.C. 4123.57(A). After a hearing, the Industrial Commission awarded compensation for impairment of earning capacity resulting from the allowed conditions.

Ohio Bell attempted an appeal to the Court of Common Pleas of Franklin County pursuant to R.C. 4123.519 from the decision of the Industrial Commission granting Wickline compensation for impairment of earning capacity. Wickline and the Administrator of the Bureau of Workers' Compensation filed motions to dismiss, which were sustained. The trial court held that it had no subject matter jurisdiction as the decision from which the appeal was attempted went to the extent of disability and was not appealable. The trial court also awarded attorney's fees pursuant to R.C. 4123.519.

Ohio Bell has appealed, setting forth the following assignments or error:

1. "The trial court erred in finding that it was without jurisdiction to consider the appellant's appeal."

2. "The trial court erred in awarding attorney's fees to appellee, in that the provisions of Ohio Revised Code Section 4123.519 which purport to authorize such awards violate the Equal Protection Clauses of the Ohio and United States Constitutions."

3. "The trial court erred in awarding attorney's fees to appellee, in that no additional award will accrue to the appellee as a result of the trial court's dismissal of appellant's appeal."

Wickline's claim was allowed and there was no appeal of the determination of percentage of permanent partial disability. However, pursuant to R.C. 4123.57(A), Wickline elected to receive compensation for impairment of his earning capacity which resulted from the injury. Ohio Bell contested the determina-

tion futilely at all administrative levels. It was the Industrial Commission's final determination of partial disability compensation for impairment of earning capacity, pursuant to R.C. 4123.57(A), that Ohio Bell attempted to appeal to the Court of Common Pleas of Franklin County pursuant to R.C. 4123.519.

As pertinent, R.C. 4123.519 provides that the claimant, or the employer, may appeal a decision of the Industrial Commission in any injury case to the court of common pleas "other than a decision as to the extent of disability." The trial court found that a determination, pursuant to R.C. 4123.57(A), for an allowed claim was a decision as to the extent of disability and, hence, that there was no subject matter jurisdiction in the common pleas court. We agree.

The common pleas courts do not have inherent jurisdiction over workers' compensation claims. They only have such jurisdiction as is conferred upon them by R.C. 4123.519. *Jenkins* v. *Keller* (1966), 6 Ohio St. 2d 122 [35 O.O.2d 147]. In order for the common pleas court to have jurisdiction, pursuant to R.C. 4123.519, it is necessary that the appealed decision be one other than a decision as to the extent of disability.

The Ohio Supreme Court recently held as follows:

"Once a claimant's right to participate in the Workers' Compensation Fund for an injury to a specific part of the body has been determined, a further determination of the Industrial Commission pertaining to the computation of compensation payable under the workers' compensation law for that specific injury is as to 'extent of disability,' and is not appealable pursuant to R.C. 4123.519. * * *" *State, ex rel. Bosch,* v. *Indus. Comm.* (1982), 1 Ohio St. 3d 94, syllabus.

Wickline's right to participate in the fund for injuries to specific parts of his body had been finally determined without appeal. His election to receive compensation for impairment of earning capacity as

a result of the allowed injuries, pursuant to R.C. 4123.57(A), pertained to the extent of disability and is not appealable. The fact that another hearing is necessitated by an employee's election to accept compensation for impairment of his wage earning capacity, pursuant to R.C. 4123.57(A), rather than to accept payment for his percentage of permanent partial disability, pursuant to R.C. 4123.57(B), does not alter the fact that the determination is a decision "as to the extent of disability." Impairment of earning capacity is a derivative of disability just as is the percentage of permanent partial disability. This case is not similar, as argued by appellant, to a case where the employee seeks recognition of a new physical condition.

Appellant's first assignment of error is overruled.

Appellant argues that the trial court erred in awarding attorney's fees to Wickline when its appeal was dismissed for lack of subject matter jurisdiction.

R.C. 4123.519 provides, as pertinent, as follows:

"The cost of any legal proceedings authorized by this section, including an attorney's fee to the claimant's attorney to be fixed by the trial judge in the event the claimant's right to participate or to continue to participate in the fund is established upon the final determination of an appeal, shall be taxed against the employer or the industrial commission if the industrial commission or the administrator rather than the employer contested the right of the claimant to participate in the fund. Such attorney's fee shall not exceed twenty per cent of an award up to three thousand dollars and ten per cent of all amounts in excess thereof, but in no event shall such fee exceed fifteen hundred dollars."

The trial court allowed attorney's fees pursuant to R.C. 4123.519 and referred the case to the Industrial Commission to determine the amount of attorney's fees.

Appellant argues that there was no award made in favor of the employee, and, hence, by the terms of R.C. 4123.519, no attorney's fees should be allowed. However, appeals pursuant to R.C. 4123.519 never result in a dollar award to a claimant even where there is subject matter jurisdiction. The jury (or court if a jury is waived) only determines the right of the claimant to participate or to continue to participate in the fund. The trial court only fixes the percentage of attorney's fees in any appeal where claimant is successful. The consequences of that verdict are determined in the Industrial Commission, which calculates the dollar amount of the award. In this case, the award which was contested was the value of the benefits to claimant derived from the allowance of claimant's election pursuant to R.C. 4123.57(A). The dismissal of an attempted appeal, pursuant to R.C. 4123.519, for lack of subject matter jurisdiction necessarily results in the continuation of claimant's participation in the fund (in this case the award pursuant to the allowance of his election), as the challenge of the right to participate was denied on jurisdictional grounds.

The Ohio Supreme Court recently held as follows:

"The 'legal proceedings' contemplated by R.C. 4123.519 is the act of appeal, itself, and once such appeal is perfected, the Court of Common Pleas has authority to award attorney's fees to the successful claimant, notwithstanding the fact that the appeal is subsequently dismissed for lack of jurisdiction." *Hospitality Motor Inns* v. *Gillespie* (1981), 66 Ohio St. 2d 206 [20 O.O.3d 209], syllabus.

Appellant's third assignment of error is overruled.

Appellant finally contends that the provisions of R.C. 4123.519, which authorize an award of attorney's fees to a successful claimant, violate the Equal Protection Clauses of the Ohio and United States Constitutions.

The claimed constitutional defect in

the provision for award of attorney's fees is that attorney's fees are only awarded to successful employees, but not to a successful employer, regardless of who has caused the appeal to be filed. Appellant contends there is no rational basis for that distinction.

Appellant's constitutional argument is without merit. The apparent purpose of the attorney's fee provision of R.C. 4123.519 is to afford the injured worker relief from the expenses of litigation if he ultimately establishes his right to participate in the Workers' Compensation Fund, either as a result of winning his own appeal or of successfully defending against an appeal brought by his employer.

There is a strong presumption in favor of the constitutionality of a statute. *State, ex rel. Jackman,* v. *Court* (1967), 9 Ohio St. 2d 159, at 161 [38 O.O.2d 204]. The General Assembly has classified workers and employers in different categories in regard to the award of attorney's fees for an appeal brought pursuant to R.C. 4123.519. There is a rational basis for that classification. All persons or entities within the same classification are treated equally.

Appellant's second assignment of error is overruled.

Appellant's assignments of error are overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

WHITESIDE, P.J., and STRAUSBAUGH, J., concur.