DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal of the Lucas County Court of Common Pleas' May 18, 2005 order confirming the sale of appellant Indian River Estates, Inc.'s foreclosed property. For the reasons that follow, we affirm the trial court's judgment.
 {¶ 2} On May 9, 2003, Sky Bank filed a complaint in foreclosure of a tract of land located off of Suder Avenue in Toledo, Lucas County, Ohio. The complaint named as defendants appellant, Indian River Estates, Inc., Ottawa Trial Estates, Inc., appellee, Preferred Properties, Inc., the city of Toledo, and the Lucas County Treasurer.
 {¶ 3} Appellee was named in the action due to its two judgment liens against the property and its interest in lots 10, 12, 14, 15, 17, 19, 21 and 23 of Indian River Estates. Appellee's interests arose following a judgment in its favor in the United States District Court for the Northern District of Ohio, finding that appellant violated the federal and state Fair Housing Acts by refusing to execute the purchase agreement between the parties for the aforementioned lots, upon which handicap accessible housing was to be built. The federal court also ordered that appellee be enjoined from refusing to sell the lots as agreed.[1]
 {¶ 4} On March 2, 2004, Sky Bank moved for substitution of appellee as party plaintiff. Sky Bank indicated that, on February 25, 2004, it assigned its interest in the mortgage to appellee. On April 6, 2004, the motion was granted and Sky Bank was dismissed from the action. Appellee then filed a motion for summary judgment which was granted on August 20, 2004. The court also granted appellee's motion for division of the property subject to foreclosure, this separated the lots that appellant had been enjoined from denying to sell to appellee.
 {¶ 5} The property was appraised at $575,000. Excluding the lots to be redeemed by appellee, the remaining lots were appraised at $367,857.15. The properties sold at the opening minimum bid of $244,992.86. On May 18, 2005, the trial court entered a judgment entry confirming the sale, ordering deed and distribution of the proceeds, and granting a judgment of deficiency. Appellant filed a timely notice of appeal.
 {¶ 6} Appellant now raises the following three assignments of error:
 {¶ 7} "First Assignment of Error
 {¶ 8} "1. The trial court erred to the substantial prejudice of defendant/appellant and an individual not a party to this cause by entering judgment against that individual though he was never named as a defendant, nor given the opportunity to defend.
 {¶ 9} "Second Assignment of Error
 {¶ 10} "2. The trial court erred to the substantial prejudice of defendant/appellant by assessing fees and costs in its entry which were attributable to other legal actions, and not this cause.
 {¶ 11} "Third Assignment of Error
 {¶ 12} "3. The trial court erred to the substantial prejudice of defendant/appellant by confirming a sheriff's foreclosure sale in which improper sale procedures were used."
 {¶ 13} In its first assignment of error, appellant argues that the trial court's May 18, 2005 judgment entry confirming the sale of the foreclosed property and judgment of deficiency erroneously listed its president and sole shareholder, Duane J. Tillimon, as being jointly and severally liable for the $61,174.61 deficiency on the mortgage. Appellee asserts that appellant does not have standing to raise Duane Tillimon's claim.
 {¶ 14} Because Tillimon is not a party to this appeal, we must determine whether appellant has standing to raise an alleged error committed against Tillimon. An appealing party may complain about an alleged error committed against a nonappealing party where the error had prejudiced the appellant. In re Hiatt
(1993), 86 Ohio App.3d 716, 721. In the present case, because appellant has failed to demonstrate how it was prejudiced by the judgment against Tillimon we find that it lacks standing to maintain the argument.[2] Accordingly, appellant's first assignment of error is not well-taken.
 {¶ 15} In appellant's second assignment of error, it claims that the trial court abused its discretion when it ordered payment of "extraordinary" fees and costs. Appellee contends that the $23,238.14 award was provided for in the mortgage and that appellant, by its own conduct, contributed to the amount.
 {¶ 16} The open-end mortgage executed by appellant provides, in part:
 {¶ 17} "Upon demand, Mortgagor shall immediately reimburse Lender for all amounts and costs (including attorneys' fees and legal expenses) expended by Lender in the performance of any action required to be taken by Mortgagor or in an action to enforce any right or remedy of Lender under this Mortgage, including, but not limited to, any foreclosure proceedings * * *."
 {¶ 18} This court has stated that a trial court has broad discretion in awarding attorney fees and, absent an abuse of that discretion, the award will not be disturbed on appeal. BaycliffsHomeowners Assn. v. Solomon, 6th Dist. No. OT-05-002,2005-Ohio-4917.
 {¶ 19} Appellant contends that the fees and costs awarded by the trial court were "extraordinary" and "include fees and costs for other actions and for other legal maneuvering;" however, appellant has failed to point to any specific fee that was improperly assigned or allege any specific "legal maneuvering." Accordingly, with only bare allegations we cannot say that the trial court abused its discretion when it awarded appellee attorney fees and costs. Appellant's second assignment of error is not well-taken.
 {¶ 20} Appellant's third and final assignment of error alleges that the trial court erroneously confirmed a sheriff's foreclosure sale where improper sale procedures were used. Specifically, appellant argues that while the foreclosure sale was advertised, as required by statute, at a stated minimum bid, that bid was improperly lowered just prior to the start of bidding.
 {¶ 21} We note that Ohio statutory law does not require that a stated minimum bid be advertised. R.C. 2329.26 and 2329.27
require only that the advertisement provide notice of the date, time, and location of the sale, and run for three consecutive weeks in a weekly publication. R.C. 2329.21 provides that the only requirement regarding the sale amount is that the minimum price may not be less than two-thirds of the appraised value.
 {¶ 22} In this case, the appraised value of the property was $367,857.15, and the minimum bid and sale price of the property was $244,992.86, exactly two-thirds of the appraised value. Because we find that the sale was conducted in conformity with Ohio statutory law, appellant's third assignment of error is not well-taken.
 {¶ 23} On consideration whereof, we find that substantial justice was done the party complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Singer, P.J. Pietrykowski, J. Parish, J. concur.
[1] See Preferred Properties, Inc. v. Indian River Estates,Inc. (C.A.6 2002), 276 F.3d 790.
[2] Although we agree that appellant lacks standing to raise Duane Tillimon's claim we note that because Tillimon was not named as a defendant in the action below, the portion of the court's May 18, 2005 judgment finding Tillimon jointly and severally liable for the deficiency judgment is a nullity.