DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Maria Murawski, appeals from the judgment of the Summit County Court of Common Pleas that awarded her $2,500 for her motion for attorneys' fees and costs. We affirm.
 I. {¶ 2} The underlying case involves two workers' compensation appeals filed pursuant to R.C. 4123.512(A). The workers' compensation claim arose from a lower back injury sustained by Appellant, Maria Murawski, when she slipped and fell forward while carrying a box of syrup for her employer, Appellee Tamarkin Co. on November 10, 1999. Appellant's claim for a lumbar sprain was allowed by the Industrial Commission.
 {¶ 3} Appellant then moved the Industrial Commission to amend her claim to include herniated discs by way of direct causation. The Industrial Commission denied Appellant's motion and she timely appealed to the Summit County Court of Common Pleas pursuant to R.C. 4123.512(A). Appellant subsequently voluntarily dismissed this workers' compensation appeal in order to pursue another theory of recovery with the Industrial Commission.
 {¶ 4} Appellant moved the Industrial Commission a second time to amend her claim, this time to include aggravation of pre-existing degenerative disc disease. The Industrial Commission granted Appellant's motion and Appellee timely appealed to the Summit County Court of Common Pleas pursuant to R.C. 4123.512(A).
 {¶ 5} Appellant then re-filed her notice of appeal with the Summit County Court of Common Pleas regarding the denial of her motion to amend to include herniated discs by way of direct causation. Appellant filed a motion, to which Appellee consented, requesting the consolidation of Appellant's and Appellee's appeals. The motion to consolidate the two appeals was granted and a jury trial held. Upon hearing both the appeals in one trial, the jury returned a verdict in favor of Appellant on both appeals.
 {¶ 6} Six months later, Appellant moved the trial court for attorneys' fees and costs for both appeals pursuant to R.C.4123.512(F). Appellee filed a response brief. Upon consideration of the parties' briefs, the trial court granted Appellant $3,374.60 for costs and $2,500 for attorneys' fees.
 {¶ 7} Appellant timely appealed, asserting one assignment of error for review.
 II.
"THAT THE TRIAL COURT COMMITED [sic] PREJUDICIAL ERROR IN FAILING TO GRANT PLAINTIFF-APPELLANT'S MOTION FOR ATTORNEY'S FEES AND COSTS IN EACH OF THE SEPERATELY [sic] FILED NOTICES OF APPEAL PURSUANT TO THE MANDATE AND TERMS AS SET FORTH IN OHIO REVISED CODE SECTION 4123.512[.]"
 {¶ 8} In her sole assignment of error, Appellant alleges the trial court erred in only awarding attorneys' fees and costs[1] for one notice of appeal. Appellant claims she should have been awarded attorneys' fees and costs for two notices of appeal, even though the two appeals were consolidated into one trial. We disagree.
 {¶ 9} The decision to grant or deny attorneys' fees pursuant to R.C. 4123.512(F) lies in the sound discretion of the trial court and will not be disturbed absent an abuse of that discretion. Baycliffs Homeowners Assn., Inc. v. Solomon, 6th Dist. No. OT-05-002, 2005-Ohio-4917, at ¶ 59. An abuse of discretion is more than an error of law or judgment, but rather, it is a finding that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. Under this standard of review, an appellate court may not merely substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621.
 {¶ 10} Pursuant to R.C. 4123.512(F), a workers' compensation claimant may recover costs and attorney's fees from the employer upon a final determination of an appeal by the trial court that the "claimant [has a] right to participate or to continue to participate in the fund." Prior to June 30, 2006, the statute provided that "[t]he attorney's fee shall not exceed twenty-five hundred dollars." Id.; See Am. Sub. S.B. No. 7, 126 Ohio Laws 87.[2] Accordingly, the maximum attorney's fees payable in any legal proceedings authorized by R.C. 4123.512 prior to June 30, 2006 is $2,500.
 {¶ 11} Appellant argues that R.C. 4123.95 requires the trial court to liberally construe R.C. 4123.512(F) to mean that Appellant is permitted to receive $2,500 for each notice of appeal filed in the Summit County Court of Common Pleas. While R.C. 4123.95 does permit the workers' compensation section of the Ohio Revised Code to "be liberally construed in favor of employees[,]" that, however, does not mean giving the claimant whatever he feels is best. Swallow v. Indus. Comm. of Ohio
(1988), 36 Ohio St.3d 55, 57. "A direction to liberally construe a statute in favor of certain parties will not authorize a court to read into the statute something which cannot reasonably be implied from the language of the statute." Phillips v.Ingersoll-Humphryes Div., Borg-Warner Corp. (1972),32 Ohio St.2d 266, 268, quoting Szekely v. Young (1963),174 Ohio St. 213, paragraph two of the syllabus.
 {¶ 12} R.C. 4123.512(F) does not specifically allow for the payment of attorney fees for each appeal, when said appeals are consolidated. Instead, attorney fees are payable for "any legal proceedings." R.C. 4123.512(F). In this case, there was only one legal proceeding, the June 1, 2005 jury trial. The fact that the jury heard both appeals during the June 1, 2005 trial, does not change the fact that there was only one legal proceeding. Thus, the maximum attorney fees payable for the June 1, 2005 trial is $2,500. R.C. 4123.512(F). See, e.g., Hart v. Clow WaterSys./McWayne, Inc. (Nov. 30, 2001), 5th Dist. Nos. 01-CA-004, 01-CA-005, 01-CA-006, at *9 (In consolidated workers' compensation appeals, the maximum amount of attorney fees payable is $2,500.)
 {¶ 13} Further, it was Appellant's decision to move the trial court to consolidate the appeals. The decision to consolidate the appeals promoted judicial economy not only for the trial court, but also for both parties. Despite Appellant's contention that the issues on appeal were diametrically opposed, we find that the issues were actually related. Appellant's brief described for the appellate court that she had "to prove by a preponderance of the evidence that there was a pre-existing condition [and she] also had to prove by a preponderance of the evidence that the injury caused [an] aggravation of that pre-existing condition." (Emphasis added.) Accordingly, the consolidation of the two appeals allowed the related claims to tried in one jury trial, thus conserving time and resources of the court and trial counsel. Appellant cannot reap the benefits of consolidating two appeals into one trial and then claim prejudice when she is awarded attorneys' fees for one trial.
 {¶ 14} Accordingly, we do not find that the trial court abused its discretion in awarding Appellant $2,500, the statutory maximum for attorney fees, for the consolidated appeals. Appellant's assignment of error is overruled.
 III. {¶ 15} Appellant's assignment of error is overruled. The judgment of Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Slaby, P.J., Whitmore, J., concur.
[1] While the above quoted error includes costs, Appellant's argument only addresses attorneys' fees. Accordingly, we will only address the issue of attorneys' fees. See App.R. 16(A)(7); Loc.R. 7(A)(7); Figley v. Corp, 9th Dist. No. 04CA0054,2005-Ohio-2566, at ¶ 8.
[2] Effective June 30, 2006, the legislature amended R.C.4123.512(F), in part, to read as follows: "The attorney's fee shall not exceed forty-two hundred dollars." (Emphasis added.) The workers' compensation appeal in this matter was tried before a jury a year before R.C. 4123.512(F) was amended. Further, Appellant's motion for attorney's fees and the instant appeal were filed approximately four months prior to the amendment of R.C. 4123.512(F). Accordingly, we will apply the version of R.C.4123.512(F) in effect prior to June 30, 2006.