DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, A.I. Root Co., et al., appeals from the judgment of the Medina County Court of Common Pleas. This Court affirms.
 I. {¶ 2} This appeal arises out of a workers' compensation claim filed by Appellee, Caroline Swartzwelder, with the Ohio Bureau of Workers' Compensation ("the Bureau") for an injury she sustained while employed by Appellant, A.I. Root Co. On October 13, 2006, the Bureau issued an order allowing Swartzwelder's claim. A.I. Root appealed that decision by and through their representative, Frank Gates Service Company ("Gates"). The appeal filed by Gates states: "Representative 120-80 (Frank Gates Service Co) is a non-attorney representative who has been authorized and directed to file this appeal by the Employer." The Bureau referred the claim to the Industrial Commission of Ohio ("the Commission") for a hearing. The Commission allowed the claim for two injuries: a right shoulder sprain and a right trapezius sprain. On *Page 2 
January 24, 2007, the Bureau also allowed a claim for an injury involving a tear of the supraspinatus. The Bureau mailed that order to A.I. Root, Natalie Grubb, A.I. Root's counsel, and Gates. A.I. Root, through Gates, filed an appeal from the Bureau's order. The appeal similarly stated that it was filed by Gates, a non-attorney.
 {¶ 3} On April 11, 2007, the Commission allowed this additional condition. A copy of that order was mailed to A.I. Root, Natalie Grubb and Gates. Gates, acting on A.I. Root's behalf, filed an appeal from this decision. On May 30, 2007, a hearing was held before the staff hearing officer. The hearing officer allowed the additional condition of the right supraspinatus tear. Gates again filed an appeal on behalf of A.I. Root.
 {¶ 4} On June 21, 2007, the Commission refused to hear A.I. Root's appeal. The Commission's order was mailed on June 23, 2007. The record reflects that it was mailed to A.I. Root, Natalie Grubb and Gates. The record further reflects that the order was received by Gates on June 25, 2007, as the date 6/25/07 was stamped in the right margin. On September 10, 2007, A.I. Root filed a notice of appeal to the Medina County Court of Common Pleas from the decision of the Commission, pursuant to R.C. 4123.512. Swartzwelder filed a timely motion to dismiss the appeal.
 {¶ 5} On November 2, 2007, Swartzwelder filed a motion for attorney fees pursuant to R.C. 4123.512(F). On December 6, 2007, the magistrate issued an order dismissing A.I. Root's appeal as untimely filed. The magistrate held that the Commission issued an order on June 21, 2007 and that the order refused the appeal of the hearing officer's June 2, 2007 decision. The magistrate found that the Commission's order reflected that it was mailed to A.I. Root, Gates, and Grubb on June 23, 2007 and that Gates received the order on June 25, 2007. The magistrate found no evidence indicating that the order was not also received by Grubb or A.I. Root in the *Page 3 
regular course of mail. The magistrate explained that R.C. 4123.512
requires that an appellant file a notice of appeal within sixty days, and that consequently, A.I. Root had to file its appeal by August 27, 2007. Because the appeal was not filed until September 10, 2007, the magistrate found that the appeal was untimely and granted Swartzwelder's motion to dismiss. The magistrate reserved its ruling on the motion for attorney fees to provide the parties time to file objections. A.I. Root filed objections to the magistrate's decision. The trial court held a hearing on the objections on February 29, 2008.
 {¶ 6} The trial court held a hearing on the motion for attorney fees on March 26, 2008. At the conclusion of the hearing, the trial court awarded Swartzwelder $4200 in attorney fees, pursuant to R.C. 4123.512(F). This was the maximum amount of fees allowed by R.C. 4123.512. On June 5, 2008, the trial court affirmed the magistrate's decision with regard to the notice of appeal. A.I. Root timely appealed the trial court's order, raising two assignments of error for our review.
 II. ASSIGNMENT OF ERROR I "THE TRIAL COURT ERRED TO THE PREJUDICE OF [A.I. ROOT] IN CONCLUDING THAT [A.I. ROOT] HAS FAILED TO TIMELY FILE ITS NOTICE OF APPEAL."
 {¶ 7} In A.I. Root's first assignment of error, it argues that the trial court erred to its prejudice in concluding that it failed to timely file its notice of appeal. We disagree.
 {¶ 8} R.C. 4123.512(A) provides in pertinent part:
 "The claimant or the employer may appeal an order of the industrial commission made under division (E) of section 4123.511 of the Revised Code in any injury or occupational disease case *** to the court of common pleas of the county in which the injury was inflicted[.] *** The appellant shall file the notice of appeal with a court of common pleas within sixty days after the date of the receipt of the order appealed from or the date of receipt of the order of the commission refusing *Page 4 
to hear an appeal of a staff hearing officer's decision under division (D) of section 4123.511
of the Revised Code. The filing of the notice of the appeal with the court is the only act required to perfect the appeal."
Accordingly, jurisdiction is vested in the Court of Common Pleas if the notice of appeal is filed within 60 days from receipt of the Commission's refusal order.
 {¶ 9} R.C. 4123.511(E) identifies the party who is entitled to receive notice of the Commission's decision, and states:
 "The commission shall notify the parties and their respective representatives in writing of the order. If the commission or the designated staff hearing officer determines not to hear the appeal, within fourteen days after the filing of the notice of appeal, the commission or the designated staff hearing officer shall issue an order to that effect and notify the parties and their respective representatives in writing of that order."
 {¶ 10} On appeal, A.I. Root argues that pursuant to R.C. 4123.522 it was permitted to file its notice of appeal after the sixty days had run because it did not receive the notice in a timely manner. A.I. Root argues that its counsel, Natalie Grubb, did not receive notice of the Commission's order until July 10, 2007. A.I. Root contends that it had sixty days from July 10, 2007, or until September 10, 2007, to file the appeal. R.C. 4123.522 provides, in pertinent part:
 "An employee, employer, or the administrator is deemed not to have received notice until the notice is received from the industrial commission or its district or staff hearing officers, the administrator, or the bureau of workers' compensation by both the employee and his representative of record, both the employer and his representative of record, and by both the administrator and his representative.
 "If any person to whom a notice is mailed fails to receive the notice and the commission, upon hearing, determines that the failure was due to cause beyond the control and without the fault or neglect of such person or his representative and that such person or his representative did not have actual knowledge of the import of the information contained in the notice, such person may take the action afforded to such person within twenty-one days after the receipt of the notice of such determination of the commission. Delivery of the notice to the address of the person or his representative is prima-facie evidence of receipt of the notice by the person." *Page 5 
 {¶ 11} R.C. 4123.511(E) only specifies that the employer and theirrepresentative receive notice. Notably, R.C. 4123.511 does not use the specific words "attorney" or "counsel". Instead, it uses the term "respective representatives". It does not specify that the employer's counsel must receive notice within the 60 day time frame. Consequently, it does not matter whether Grubb received notice.
 {¶ 12} The record reflects that Gates acted on A.I. Root's behalf in filing all the appeals at the administrative level. More importantly, Gates, acting on A.I. Root's behalf, filed the administrative appeal on A.I. Root's behalf which resulted in the Commission's refusal order. Furthermore, Gates received the notice of the refusal order at issue, as required by R.C. 4123.511(E). The record undisputedly reflects that Gates received the refusal order on June 25, 2007, as the order contains the Gates' stamp and the date of 6/25/07 in the right margin. Accordingly, the sixty day time period began to run on June 25, 2007. R.C. 4123.512(A).
 {¶ 13} Moreover, there is no evidence that Grubb or A.I. Root did not receive the notice. At the hearing before the trial court, when asked whether she had evidence of when she received service of the Commission's refusal order, Grubb responded: "It was not me. It was not me, when I received this notice." When pressed about when A.I. Root received the notice, Grubb stated: "Well, as far as that issue goes, I don't have privy to their file system as to when they received the information. *** I can only speak to our firm, by the time we received it and they engaged counsel." The transcript reflects that Grubb never provided an explanation as to when A.I. Root received the notice. However, on appeal Grubb asserts that "A.I. Root's [sic] did not receive the IC order on June 25, 2007, as it was batched with other orders[.]" This statement contradicts Grubb's own statement in the trial court that she did not know when A.I. Root received the notice. Accordingly, A.I. Root's counsel cannot argue on appeal that her client did *Page 6 
not timely receive the notice, as she has already stated that she has no knowledge as to when they received it.
 {¶ 14} Lastly, we note that there is a rebuttable presumption that a letter properly addressed and mailed is received in due course.Young v. Board of Review (1967), 9 Ohio App.2d 25, 27. Here, the Commission's order indicates that it was mailed to A.I. Root, Gates and Grubb. It is undisputed that Gates received the refusal order on June 25, 2007. Accordingly, there is a presumption that A.I. Root and its counsel, to whom the order was also sent, received the refusal order in due course. A.I. Root presented no affidavits or other evidence to refute this presumption.
 {¶ 15} Sixty days from June 25, 2007 was August 27, 2007. Accordingly, we find no error in the trial court's decision that the notice of appeal, filed on September 10, 2007, was untimely. A.I. Root's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II "THE TRIAL COURT ERRED TO THE PREJUDICE OF [A.I. ROOT] IN AWARDING ATTORNEY FEES WITHOUT A FINDING OF BAD FAITH OR STATUTORY AUTHORIZATION."
 {¶ 16} In A.I. Root's second assignment of error, it asserts that the trial court erred to its prejudice in awarding attorney fees without a finding of bad faith or statutory authorization. We disagree.
 {¶ 17} Pursuant to R.C. 4123.512(F), the attorney for a workers' compensation claimant may recover costs and attorney fees from the employer "upon the final determination of an appeal" to the trial court that the "claimant[ ] [has a] right to participate or to continue to participate in the fund." The amount of attorney fees is "to be fixed by the trial judge, based *Page 7 
upon the effort expended[.]" Further, R.C. 4123.512(F) provides that "[t]he attorney's fee shall not exceed forty-two hundred dollars.[1]" Id.
 {¶ 18} The decision to grant or deny attorneys' fees pursuant to R.C. 4123.512(F) lies in the sound discretion of the trial court and will not be disturbed absent an abuse of that discretion. Baycliffs HomeownersAssn., Inc. v. Solomon, 6th Dist. No. OT-05-002, 2005-Ohio-4917, at ¶ 59. An abuse of discretion is more than an error of law or judgment, but rather, it is a finding that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. Under this standard of review, an appellate court may not merely substitute its judgment for that of the trial court. Pons v. OhioState Med. Bd. (1993), 66 Ohio St.3d 619, 621.
 {¶ 19} On appeal, A.I. Root challenges the award of attorney fees on several grounds. First, A.I. Root argues that Swartzwelder is not entitled to attorney fees because there are no statutory grounds for attorney fees in this situation. We find no merit in this contention. R.C. 4123.512(F) clearly provides for an award of attorney fees in workers' compensation cases to the claimant's attorney if "the claimant's right to participate or to continue to participate in the fund is established upon the final determination of an appeal[.]" Here, it is undisputed that Swartzwelder's counsel was the "claimant's attorney" and further, that the trial court dismissed A.I. Root's notice of appeal, and therein affirmed Swartzwelder's right to participate in the fund.
 {¶ 20} A.I. Root contends that this case does not involve a right to participate or a continuation of participation case. We disagree. The record reflects that A.I. Root appealed the *Page 8 
Commission's order that additionally allowed Swartzwelder to participate in the fund for the tear of her supraspinatus tendon in her shoulder. A.I. Root's appeal contested the Commission's order permitting Swartzwelder to participate in the fund for this additional injury.
 {¶ 21} A.I. Root asserts that in continuation of participation cases such as this one, the costs of litigation may not be taxed against an unsuccessful claimant for an appeal brought by either the employer or the claimant pursuant to R.C. 4123.51.9 without a showing of bad faith or frivolity. A.I. Root cites Soss v. Mayfield (June 7, 1991), 6th Dist. No. L-90-002, for this proposition. A.I. Root argues that neither it nor its counsel acted in bad faith or in a frivolous manner and that the costs should not be taxed against them.
 {¶ 22} A.I. Root has misconstrued Soss. In Soss, the Sixth District Court of Appeals held that costs of litigation cannot be taxed to anunsuccessful claimant in an appeal brought by either the employer or the claimant pursuant to R.C. 4123.519, without a showing of bad faith or frivolity. Soss, supra, at *3. Here, we are dealing with a successful claimant, not an unsuccessful one. Further, the Sixth District inSoss quoted Wickline v. Ohio Bell Tel. Co. (1983), 9 Ohio App.3d 32, 35, wherein the Tenth District held that successful claimants, such as Swartzwelder, were entitled to attorney fees and costs but that successful employers were not. Id. Specifically, the Wickline court explained that:
 "The apparent purpose of the attorney's fee provision of R.C. 4123.519 is to afford the injured worker relief from the expenses of litigation if he ultimately establishes his right to participate in the Workers' Compensation Fund, either as a result of winning his own appeal or of successfully defending against an appeal brought by his employer." Wickline, 9 Ohio App.3d at 35.
Accordingly, we find no merit in A.I. Root's argument that Swartzwelder must show that A.I. Root acted in bad faith or in a frivolous manner in order to obtain attorney fees. *Page 9 
 {¶ 23} The record reflects that the trial court held a hearing on the issue of attorney fees at which Swartzwelder's counsel, Timothy Delaney, testified. Delaney testified that he normally works on a contingency fee but that, in preparation for the motion for attorney fees, he had prepared a time sheet reflecting an estimate of the time he spent on the case and detailing his efforts. Delaney testified that he reviewed numerous documents and prepared several letters and a motion. He testified that when he did not receive copies of the file after requesting them, he issued a subpoena to obtain copies of all of Gates' materials. He also prepared for an additional hearing before the Commission concerning the timeliness of the appeal and for the hearings before the magistrate.
 {¶ 24} With regard to the time sheet Delaney prepared, A.I. Root argues that the fact that the time sheet is not signed by Swartzwelder "raise[s] serious questions as to the validity of the Swartzwelder Time Sheet." However, A.I. Root has failed to cite any authority for this assertion. An appellant has the burden on appeal. See App. R. 16(A)(7); Loc. R. 7(B)(7). "It is the duty of the appellant, not this court, to demonstrate his assigned error through an argument that is supported by citations to legal authority and facts in the record." State v.Taylor (Feb. 9, 1999), 9th Dist. No. 2783-M, at *3. See also, App. R. 16(A)(7); Loc. R. 7(B)(7). Accordingly, we decline to address this argument.
 {¶ 25} A.I. Root also argues that Delaney failed to present evidence at the hearing regarding the proper measure of attorney fees. However, a review of the record reflects that Delaney testified at the hearing regarding the rate customarily charged in workers' compensation cases, the questions at issue in the case, the complexity of the issues involved and his legal experience. *Page 10 
 {¶ 26} The record reflects that Delaney was not retained by Swartzwelder until A.I. Root filed its notice of appeal on the additional claim. Delaney estimated that he spent 29 hours on this matter. In his time sheet, he described in moderate detail all the work he performed. Given the number of pleadings he prepared and the time required to prepare for hearings, we agree with the trial court's finding that the time Delaney spent on this matter was reasonable. Accordingly, we cannot find that the trial court abused its discretion in awarding him the maximum fees authorized. A.I. Root's second assignment of error is overruled.
 III. {¶ 27} A.I. Root's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30. *Page 11 
Costs taxed to Appellant.
SLABY, J., WHITMORE, J., CONCUR.
[1] Effective June 30, 2006, R.C. 4123.512 was amended by 2006 S 7 to substitute "forty-two" for "twenty-five" in the last sentence of division (F). The parties do not dispute that the injury at issue occurred after June 30, 2006.