SMITH, APPELLEE, *v.* YOUNG, ADMR., BUREAU OF WORKMEN'S COMPENSATION, ET AL., APPELLANTS.*

(No. 232—Decided March 6, 1963.)

*Motion to certify the record overruled (38245), October 23, 1963.

*Mr. R. N. Larrimer, Mr. Leander P. Zwick, Jr.,* and *Mr. Raymond E. Daily,* for appellee.

*Mr. Mark McElroy,* attorney general, and *Mr. Alvin C. Vinopal,* for appellants James L. Young, Administrator, and Industrial Commission of Ohio.

*Messrs. Vorys, Sater, Seymour & Pease, Mr. Russell P. Herrold, Jr., Mr. George D. Nye* and *Mr. Walter E. DeBruin,* for appellant Goodyear Atomic Corporation.

FESS, J. This is an appeal on questions of law from a judgment entered upon a verdict of a jury finding that the plaintiff, appellee herein, is entitled to participate in the State Insurance Fund. Plaintiff's husband was employed by Goodyear Atomic Corporation, a self-insurer, at its atomic energy plant in Pike County, as a maintenance mechanic from May 21, 1956, to January 27, 1957. He died from acute lymphatic leukemia on February 15, 1957.

On January 27, 1959, the plaintiff filed a death claim for workmen's compensation with the Industrial Commission in which she stated, *inter alia,* that his death was the result of an alleged exposure to radiation in November 1956. Since her claim as an occupational disease claim was barred under the then applicable statute of limitations (six months after death), it was processed by the commission as an accidental death claim.

Her claim was disallowed by the Administrator, the Regional Board, and also upon appeal by the commission. She takes her appeal to the Common Pleas Court from the disallowance of her claim by the commission.

At the three administrative hearings her testimony tended to show that the decedent suffered exposure incident to the removal of a compressor on June 15, 1956. Her claim was disallowed in the proceedings before the commission on the ground that she failed to show that decedent participated in this operation and also on the ground that she had failed to show by a preponderance of the evidence that there was a causal relationship between this incident and the resulting death of her husband on February 15, 1957.

At the trial upon the appeal, over objection of the defendants, she was permitted to introduce evidence of an escape of gas on August 6, 1956, and also evidence of another exposure

sometime in November 1956. At the conclusion of plaintiff's evidence defendants moved the court to withdraw all the evidence relating to the November incident because of lack of jurisdiction of the court to hear evidence of an alleged accidental occurrence which had never been asserted before the Industrial Commission, and to dismiss the case for such lack of jurisdiction. In support of this motion the defendants introduced the entire file of the proceedings before the Administrator, the Regional Board, and the commission for the limited purpose of showing that the November 1956 incident had not been mentioned in such proceedings. After extended argument on the motion to dismiss and the objection of the plaintiff to the introduction of the commission file in support thereof, the court overruled the objection of plaintiff to the introduction of the file and inferentially overruled the motion to dismiss. Defendants also moved for the direction of a verdict on the ground that there was no probative evidence to support a judgment for the plaintiff, which was overruled. Defendants also moved to require the plaintiff to elect whether to proceed on the August 6th incident or the November incident, which was overruled. Defendant then proceeded with its defense. At the conclusion of the case defendants renewed their motions to dismiss for lack of jurisdiction and for the direction of a verdict, which were overruled.

Defendants assign as error the failure of the court to grant their motion to withdraw the evidence of the witness Hobe Tabor (who testified as to the November incident) from the jury because of the lack of jurisdiction of the trial court to hear evidence of an alleged accidental occurrence which had never been asserted either before the Administrator or before the Industrial Commission or its representative officers and boards. This assignment of error raises a question of first impression arising under the provisions of Section 4123.519, Revised Code, as to the nature and extent of the appeal contemplated by that section.

Section 4123.519 provides, *inter alia*:

"* * * The court, or the jury under the instructions of the court, if a jury is demanded, shall determine the right of the claimant to participate * * * in the fund upon the evidence adduced at the hearing of such action."

The Supreme Court has held that such an appeal contemplates a new trial in the Court of Common Pleas. *State, ex rel. Federated Department Stores, Inc.,* v. *Brown,* 165 Ohio St., 521; *Butler* v. *Pittsburgh Plate Glass Co.,* 171 Ohio St., 19.

An appeal on questions of law and fact means a rehearing and retrial of a cause upon the law and the facts (Section 2505.01, Revised Code) and entitles the party to a hearing and determination of the facts *de novo* on the same or amended pleading. (Section 2505.21, Revised Code.) Section 2309.58, Revised Code, provides that before or after judgment, in furtherance of justice and on such terms as it deems proper, the court may amend any pleading, process, or proceeding by inserting other allegations material to the case or, when the amendment does not substantially change the claim of defense, by conforming the pleading or proceeding to the fact proved. This section is liberally construed in permitting amendments in the furtherance of justice, subject to the limitation that the amendment does not substantially change the claim or defense. The right to a trial *de novo* carries with it a right to a trial on wholly new evidence, provided such evidence is competent under the legal rules applicable in the trial of questions of fact in the trial court. *Toledo & Ohio Central Ry. Co.* v. *Village of Hartford,* 101 Ohio St., 520; *Kiriakis* v. *Fountas,* 109 Ohio St., 553.

But in the instant case we are not confronted with the problem of determining whether a claimant for workmen's compensation may amend his application for compensation by stating therein a different date of injury than that stated in his original application. In her original application the claimant stated that the exposure occurred in November 1956. Reference to Section 2309.58, Revised Code, is only made as indication of the extent of review contemplated by a trial *de novo.* After all, the ultimate issue presented to the commission and, on appeal, to the Common Pleas Court is whether the claimant is entitled to participate in the State Insurance Fund. *Parletto* v. *Industrial Commission,* 140 Ohio St., 12. It will be noted that the *Parletto case* arose under the former provision for a limited review upon the transcript before the commission.

As stated by the Supreme Court in its opinion in the *Brown case,* and repeated in the *Butler case,* it seems clear that the ap-

peal contemplated from either the board or the commission is one in which the sole question for the court, or a jury if demanded, is the determination of the right of the claimant to participate or continue to participate in the State Insurance Fund, upon the evidence adduced at the hearing in the court. In the *Butler case* it was said that, if the Industrial Commission denied its jurisdiction to entertain plaintiff's motion for a reason which goes to the basis of plaintiff's right to participate, then, under Section 4123.519, Revised Code, the plaintiff is entitled to an appeal to the Court of Common Pleas from such denial. "It must be assumed that the commission had some facts before it; and from those facts it determined that the settlement of the claim had been included in the other settlement. Whether it did or not was a question of fact, the resolution of which determined the plaintiff's right to further participation in the State Insurance Fund. It is from such determinations that the Legislature provided for appeals to the Court of Common Pleas." *Butler* v. *Glass Co., supra*, at page 22.

It is, therefore, concluded that defendant's assignment of error, that the Common Pleas Court lacked jurisdiction to hear evidence of an alleged accidental occurrence which had never been asserted before the commission, is not sustained and should be overruled.

Defendants also assign as error that "the verdict of the jury and the judgment rendered are manifestly contrary to the great weight of the evidence." After review of the entire record of the evidence adduced at the trial two members of this court (Judges Collier and Fess) find and conclude that the verdict and judgment is manifestly against the weight of the evidence, but, in the absence of the concurrence of three judges, the judgment must be affirmed.

We hold that at the conclusion of the trial there was sufficient competent evidence concerning which reasonable minds could well differ as to the inferences to be drawn therefrom and that the court did not err in failing to direct the jury to return its verdict in favor of the defendants, or in overruling defendants' motion for judgment notwithstanding the verdict.

The judgment is affirmed at appellant's costs and the cause remanded to the Common Pleas Court for certification thereof

to the Industrial Commission in accordance with the provisions of Section 4123.519, Revised Code.

*Judgment affirmed.*

COLLIER, P. J., and BROWN, J., concur.

FESS, J., of the Sixth Appellate District, sitting by designation in the Fourth Appellate District.