CITY OF AKRON, APPELLANT, *v.* THOMAS-MOORE ET AL., APPELLEES.

[Cite as City of Akron v. Thomas-Moore, 9 Ohio App. 2d 33.]

34

(No. 5790—Decided January 4, 1967.)

*Mr. William R. Baird,* director of law, and *Mr. Alvin C. Vinopal,* for appellant.

*Messrs. Dworakowski & Pavick,* for appellee Alice Thomas-Moore.

*Mr. William B. Saxbe,* attorney general, *Mr. Donald M. Colasurd* and *Mr. Angelo A. Fanelly,* for appellee Elmer A. Keller, Administrator, Bureau of Workmen's Compensation,

BRENNEMAN, J. An appeal on questions of law has been lodged in this court from a judgment of the Court of Common Pleas of Summit County affirming a decision of the Industrial Commission of Ohio allowing a widow-claimant the full statutory death award provided by the Workmen's Compensation Act.

The decedent, husband of the claimant (appellee here), was a member of the Fire Department of the city of Akron. On

January 21, 1958, and while helping to fight a fire in the regular course of his employment, the decedent sustained an injury. This injury accelerated his death, which occurred on June 12, 1961.

The decedent, during his lifetime, filed a workmen's compensation claim which was allowed and paid to him. He also received a monthly sum from the Firemen's Pension Fund of the city of Akron, which sum was deducted from the amount of the award made to him by the Bureau of Workmen's Compensation. Upon his death, the Firemen's Relief and Pension Board of the city of Akron awarded the widow-claimant the sum of $90 per month, which sum has been paid to her each month since the death of her husband. Further, the widow-claimant filed her claim for a statutory death award with the Bureau of Workmen's Compensation and was awarded the full statutory allowance, plus a statutory sum for funeral expenses. This statutory death award is payable at a fixed sum weekly and will terminate when the full amount of the award has been paid. The firemen's pension award is paid to her monthly, and the payments will continue during her lifetime.

There has never been any deduction made from the workmen's compensation award by reason of the amount received by the widow-claimant from the firemen's pension fund.

The city of Akron appealed the allowance of the death award by the Bureau of Workmen's Compensation to the Regional Board of Review; then to the Industrial Commission of Ohio; then to the Court of Common Pleas of Summit County; and now to this court.

There is one assignment of error. Appellant says the judgment of the Court of Common Pleas affirming the award of the Industrial Commission of Ohio is contrary to law.

The issue thus created for decision by this court may be stated as follows: Must a statutory death award of the Bureau of Workmen's Compensation, and the Industrial Commission of Ohio, to a widow-claimant, be reduced to the extent of the sum received by her from the firemen's pension fund, which represents funds provided by the city of Akron through taxation?

The widow-claimant contends that, before the issue here created may be determined, this court must decide the matter

of its jurisdiction to entertain this appeal, by reason of Section 4123.519, Revised Code, which provides:

"The claimant or the employer may appeal a decision of the Industrial Commission in any injury case, *other than a decision as to the extent of disability*, to the court of Common Pleas of the county in which the injury was inflicted * * *.

"* * *

"* * * The court, or the jury under the instructions of the court, if a jury is demanded, shall determine *the right of the claimant to participate or to continue to participate in the fund* * * *.

"* * *" (Emphasis added.)

That statute limits the jurisdiction of this court to a determination of the right of participation in the fund, and excludes this court from jurisdiction over the dollar-amount of the award. See: *Smith* v. *Young, Admr.*, 119 Ohio App. 176.

The appellant seeks to have deducted from the award of the Industrial Commission to the widow-claimant an amount equal to the amount received by her from the firemen's pension fund. No dispute exists as to the dollar-amount either of the award of the Industrial Commission or the award of the Firemen's Relief and Pension Board. The real question is the right to deduction. Under the circumstances, it appears that the claim of the city of Akron to a deduction in the amount of the award granted by the Industrial Commission concerns the right of participation of the widow-claimant, Alice Thomas-Moore, and hence an appeal to this court does lie. The statutes confer jurisdiction on the Court of Common Pleas to determine the right of a claimant to participate in the State Insurance Fund, and jurisdiction there confers jurisdiction upon this court in an appeal on questions of law in a case such as we have herein.

The right of a policeman, or fireman, to participate in a state compensation award of the Industrial Commission of Ohio is limited to the extent set forth in Section 4123.02, Revised Code, which provides as follows:

"Sections 4123.01 to 4123.94, inclusive, of the Revised Code do not apply to policemen or firemen in municipal corporations where the injured policemen or firemen are eligible to participate in any policemen's or firemen's pension funds established

and maintained by a municipal corporation, unless the amount of the pension funds provided by the municipal corporation through taxation and paid to such policemen or firemen is less than they would have received if the municipal corporation had no such pension fund. In such event policemen and firemen shall receive the regular state compensation for policemen and firemen in municipal corporations where no such pension funds have been created, less the sum received by the policemen or firemen from the pension funds provided by the municipal corporation through taxation. The sum paid from such pension fund shall be certified to the Industrial Commission by the treasurer or other officer controlling such pension fund.''

It should be noted from the language of the statute that it applies to policemen and firemen only. No mention is there made of the widows and the dependents of the policemen or firemen. Either a strict or a liberal construction of the language of this statute limits its application to the employee (policeman or fireman), since it is completely devoid of any mention of widows and dependents of employees.

The death benefits accruing to widows and dependents of employees are set forth in Section 4123.59, Revised Code. This section confers certain benefits to the widows and dependents of employees, and, in no wise, excludes participation to any extent because the participant is the widow or dependent of a class (policemen or firemen), as does Section 4123.02, Revised Code.

The judgment of the Court of Common Pleas must be affirmed.

*Judgment affirmed.*

DOYLE, P. J., and HUNSICKER, J., concur.