BOOHER, Appellant,

v.

HONDA OF AMERICA MANUFACTURING, INC. et al., Appellees.

[Cite as *Booher v. Honda of Am. Mfg., Inc.* (1996), 113 Ohio App.3d 798.]

Court of Appeals of Ohio,
Third District, Union County.

Nos. 14–95–33, 14–96–01.

Decided Aug. 19, 1996.

*Sharon E. Deal,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Michael Vanderhorst,* Assistant Attorney General, for appellee, Administrator, Bureau of Workers Compensation.

*Vorys, Sater, Seymour & Pease* and *Robert A. Minor,* for appellee, Honda of America Mfg., Inc.

EVANS, Judge.

This is a consolidated appeal brought by Ramona Booher, appellant, from two related judgment entries issued by the Court of Common Pleas of Union County. First, appellant appeals a judgment rendered after a jury found her entitled to participate in Ohio's Workers' Compensation Fund for a lower back sprain, but denied her claim for benefits related to a herniated disc. Second, appellant challenges the trial court's denial of her claim against Honda of America

Manufacturing, Inc. ("Honda"), for witness fees and stenographic and reproduction costs for medical depositions.

This case began when appellant applied for workers' compensation due to injuries she allegedly sustained · while working at Honda on April 18, 1990. Appellant initially complained of pain and injury to her neck, back, shoulders, hip sockets and left leg as a result of lifting during her daily work at Honda. In her application to the Dayton Regional Board of Review and in her appeal to the Industrial Commission, appellant was denied participation in the Workers' Compensation Fund. Pursuant to R.C. 4123.512, appellant appealed the decision of the Industrial Commission to the Union County Court of Common Pleas. A jury trial followed, and appellant presented medical records and testimony concerning her injuries. The sole issue before the jury was whether appellant had sustained injury as a result of her employment, thereby entitling her to receive the compensation and benefits provided by the Workers' Compensation Act. The jury returned a verdict in favor of appellant's entitlement to benefits for a lumbar sprain injury but denied her claim in relation to a herniated disc. After trial, appellant moved for payment of attorney fees, deposition costs and witness fees by Honda. This motion was granted in part and denied in part by the trial court.

Appellant now appeals both the decision of the trial court journalizing the jury verdict and the trial court's entry relating to costs, averring three assignments of error.

### FIRST ASSIGNMENT OF ERROR

"The trial court abused its discretion in permitting a new and independent claim for a herniated disc for the first time in the common pleas court."

Appellant contends that the injury of a herniated disc was not considered by the Industrial Commission, and, therefore, a claim to receive benefits for this injury was not properly brought under the jurisdiction of the common pleas court. Since filing this appeal, appellant has reportedly brought another claim to the Industrial Commission specifically relating to the herniated disc injury. Apparently, appellant seeks a new trial on the herniated-disc claim (assuming the commission refuses her latest claim) after receiving an unfavorable verdict in the trial court in the present case.

Initially, we note that the trial to the Court of Common Pleas of Union County, on appeal from the Industrial Commission, is a trial de novo, which carries with it a right to a trial on wholly new evidence. *Smith v. Young* (1963), 119 Ohio App. 176, 179, 26 O.O.2d 405, 407, 197 N.E.2d 835, 837–838. As the court in *Grant v. Ohio Dept. of Liquor Control* (1993), 86 Ohio App.3d 76, 82, 619 N.E.2d 1165, 1170, explained:

"In a trial *de novo* the issues 'arise on the pleadings.' R.C. 2311.01. The claimant's right to participate in the fund has no limitation under R.C. 4123.519. * * * In determining the claimant's right to participate, any issues can be raised in the trial court except issues of extent of disability."

The record in this case shows that appellant failed to submit a copy of the Industrial Commission's decision to the common pleas court. However, based on the facts presented in appellant's complaint, the trial court assumed jurisdiction of the case. In her complaint, appellant stated that the issue of her back injuries was litigated before the Industrial Commission and that the commission found that appellant had not sustained a work-related injury. The complaint further alleged that appellant had in fact sustained back injuries, including, specifically, "a herniated nuculus pulposa [*sic*] at the L4/5 disc level," as a result of an industrial accident on April 18, 1990 at Honda. Based on this complaint and under a *de novo* standard of review, the trial court proceeded to a jury trial to determine, in part, appellant's right to participate in the Workers' Compensation Fund for a herniated disc. Appellant elicited testimony during trial from her own witnesses attesting to the herniated disc and its origin. The record shows the disc injury was an integral part of appellant's cause of action. Furthermore, at no time did appellant lodge any objections to the substance of the jury instructions and verdict forms that specifically referred to the herniated-disc claim. Only now does appellant complain that the claim she raised should not have been heard by the trial court.

Appellant's attempt to rectify any pleading error now is both untimely and, because it is unsubstantiated, deficient in satisfying her burden on appeal of demonstrating error on the record. During the hearing on costs, appellant admitted, and her complaint and trial performance bear witness, that she did not review the commission record until after trial. Upon this untimely review, it occurred to appellant that the Industrial Commission had never been presented with a claim for a herniated disc. However, this allegation is unsubstantiated by the record, which contains no evidence relating the details of the commission's decision. In fact, the only evidence available demonstrates that the commission denied appellant's claim in its entirety, finding no work-related injury in appellant's case. For these reasons, we find no abuse of discretion at the trial court level in allowing a claim for workers' compensation based on appellant's herniated disc injury. The first assignment of error is overruled.

## SECOND ASSIGNMENT OF ERROR

"The court of common pleas erred in not allowing the certified medical records of Dr. Donahue, and Dr. Bruce Kay to be admitted into evidence to support a

right to participate in the Workers' Compensation self insured fund which is the ultimate and only issue presented on appeal."

Appellant misapprehends the nature of the medical evidence in relation to her burden of proof at the trial. During the trial, appellant presented extensive evidence of her medical history, including treatment she sought three years after the accident at Honda. Honda did not dispute the medical diagnosis or the necessity of the treatment surrounding appellant's back problems, including her herniated disc. The only issue Honda contested, and the only issue properly before the jury, was whether the medical problems were the result of an industrial accident at Honda on April 18, 1990. It was the existence of this casual connection, not the degree of appellant's disability, that was before the jury.

Our review of the record reveals that the evidence contained in the medical records that appellant now complains were wrongfully excluded by the trial court was duplicative. The information contained in the medical records had been sufficiently brought to the jury's attention through other witnesses, and any additional detail would have been superfluous. Furthermore, evidence of treatment obtained years after the accident for an uncontested medical condition was at best only marginally related to the issue of causation being decided. Therefore, we find that the trial court acted within its discretion in excluding the records. Appellant's second assignment of error is overruled.

## THIRD ASSIGNMENT OF ERROR

"The trial court erred in not ordering the expert witness fees of Dr. Edward Cerwinsky, Dr. William Donahue, Dr. Bruce Kay and the stenographic, and reproduction costs of their depositions from either the employer or the surplus fund under the costs of deposition provision of R.C. 4123.519 whether or not the claimant successfully establishes a right to participate under the Workers Compensation Act."

For this portion of appellant's appeal, the Industrial Commission of Ohio has intervened as a second appellee, specifically contesting appellant's right to collect costs from the Industrial Commission under R.C. 4123.512.

R.C. 4123.512 contains two provisions for a claimant to recoup costs of litigation that are pertinent to appellant's assignment of error. The narrower provision is R.C. 4123.512(D), which provides:

" * * * Any party may file with the clerk prior to the trial of the action a deposition of any physician taken in accordance with the provisions of the Revised Code, which deposition may be read in the trial of the action even though the physician is a resident of or subject to service in the county in which the trial is had. The bureau of workers' compensation shall pay the cost of the deposition

filed in court and of copies of the deposition for each party from the surplus fund and charge the costs thereof against the unsuccessful party if the claimant's right to participate or continue to participate is finally sustained or established in appeal."

The Supreme Court of Ohio in *Akers v. Serv–A–Portion* (1987), 31 Ohio St.3d 78, 31 OBR 190, 508 N.E.2d 964, syllabus, has interpreted this subsection of R.C. 4123.512 to provide that stenographic and reproduction costs of depositions be paid from the Industrial Commission Surplus Fund whether or not the claimant successfully establishes a right to participate under the Workers' Compensation Act. The fund can then be reimbursed by the employer if the claimant is successful in her action. However, this subsection has been found not to provide for payment of expert witness fees for preparing and giving the deposition. *Williams v. Colasurd* (1995), 71 Ohio St.3d 642, 645, 646 N.E.2d 830, 833. Furthermore, the costs reimbursed under this subsection are also limited in that they do not provide for payment of multiple forms of deposition testimony. *Id.* at 644, 646 N.E.2d at 832–833.

Reimbursement for additional costs of litigation are provided for in R.C. 4123.512(F); however, recovery of these costs is conditioned on the claimant's success in establishing her right to participate in the fund. R.C. 4123.512(F) states:

"The cost of any legal proceedings authorized by this section including an attorney's fee to the claimant's attorney to be fixed by the trial judge, based upon the effort expended, in the event the claimant's right to participate or to continue to participate in the fund is established upon the final determination of an appeal, shall be taxed against the employer or the commission if the commission or the administrator rather than the employer contested the rights of the claimant to participate in the fund. The attorney's fee shall not exceed twenty-five hundred dollars."

Under this subsection, additional costs such as expert witness fees and attorney fees are recoverable. *Moore v. Gen. Motors Corp.* (1985), 18 Ohio St.3d 259, 18 OBR 314, 480 N.E.2d 1101.

Appellant in this case was successful in asserting her right to participate in the fund with regard to a lumbar sprain, but she was unsuccessful in regard to a herniated-disc claim. In its journal entry issued after trial, the trial court ordered that the costs of medical depositions be paid in accordance with R.C. 4123.512. Pursuant to this order, appellant submitted a post-trial motion re-

questing reimbursement by Honda for an itemized list of appellant's costs, including expenditures for medical depositions, expert witness fees, and attorney fees, in accordance with R.C. 4123.512. Honda responded to the motion, denying responsibility for certain costs. A hearing was held to determine Honda's financial responsibility on October 20, 1995. The transcript of the hearing together with the decision of the trial court journalized December 4, 1995 reveals that the trial court denied appellant recovery from Honda for the cost of depositions and expert fees with respect to doctors Cerwinsky, Donahue, and Kay because they related to appellant's unsuccessful herniated-disc claim. We find no abuse of discretion with this conclusion.

The trial court's entry assigning costs was not in error under R.C. 4123.512(D) or (F). Because appellant lost on her claim of a herniated disc, Honda is not responsible for costs of depositions or expert witness fees related to that claim. However, according to R.C. 4123.512(D), the surplus fund can be taxed for the costs of deposition whether or not appellant was successful in a claim. The trial court, in its entry journalizing the jury's verdict in this case, ordered appellant's medical deposition costs to be paid in accordance with R.C. 4123.512. The court's December 4, 1995 entry concerning the costs to be paid by Honda does not affect appellant's right to collect from the surplus fund pursuant to R.C. 4123.512(D) upon application. Therefore, finding no error at the trial level in its disposition of appellant's motion for costs to be paid by Honda, we overrule appellant's third assignment of error.

Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgments of the trial court.

*Judgments affirmed.*

HADLEY, P.J., and THOMAS F. BRYANT, J., concur.