JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, Richard A. Hansford ("Hansford"), appeals from the trial court's decision in his consolidated workers' compensation claims. For the following reasons, we affirm in part, reverse in part and remand.
 {¶ 2} Before us on appeal are Hanford's consolidated workers compensation claims arising from two claims designated below as Case Nos. CV-529534 and CV-529536.
 {¶ 3} Case No. CV-529534 relates to Hansford's November 3, 1999 work-related injury sustained during his employment as a truck driver. He filed a claim with the Ohio Bureau of Workers' Compensation ("BWC") identifying his employer as Midwest Staff Solutions ("Midwest"). The BWC dismissed the action, accepting Midwest's contention that Ohio lacked jurisdiction.
 {¶ 4} Case No. CV-529536 concerns Hansford's second claim with the BWC relative to his November 3, 1999 injury. Therein, Hansford designated Midwestern Car Carriers ("Car Carriers") as his employer, rather than Midwest. The claim was disallowed.
 {¶ 5} The record establishes that Hansford resides in Ohio, was hired in Ohio, and made deliveries to and from Ohio.
 {¶ 6} In the consolidated appeal, both sides filed cross-motions for summary judgment. The trial court granted Hansford's motion and awarded attorney fees of $2,500 but denied his petition for litigation expenses. Hansford now appeals asserting three assignment of error for our review.
 {¶ 7} "I. The trial court erred in making only one $2,500.00 award of fees to the appellant when the appellant prevailed in two appeals against two employers."
 {¶ 8} Hansford maintains that he was entitled to the maximum statutory allowance of attorney fees for each claim, despite the consolidation of them on appeal.
 {¶ 9} R.C. 4123.512 provides:
 {¶ 10} "The cost of any legal proceedings authorized by this section, including an attorney's fee to the claimant's attorney to be fixed by the trial judge, based upon the effort expended, in the event the claimant's right to participate or to continue to participate in the fund is established upon the final determination of an appeal, shall be taxed against the employer or the commission if the commission or the administrator, rather than the employer contested the right of the claimant to participate in the fund. The attorney's fee shall not exceed twenty-five hundred dollars."[1]
 {¶ 11} We review the judgment pursuant to the abuse of discretion standard. Raymond v. Shaker Produce, Inc., Cuyahoga App. Nos. 84885/85391, 2005-Ohio-1670; see, also, Murawski v.Tamarkin, Summit App. No. 23103, 2006-Ohio-4870, ¶ 9. InRaymond, the plaintiff pursued workers' compensation for a single injury in two separate Common Pleas Court actions, which were then consolidated. The trial court awarded plaintiff $2,500 for attorney fees and this Court affirmed.
 {¶ 12} In this matter, both appeals were filed on the same date and both pertain to plaintiff's claim for injuries to his back and hip, which were sustained on November 3, 1999. In both matters, plaintiff asserted that he "slipped and fell back on the tongue of the trailer and land[ed] on [his] lower back." Case No. CV-529534 listed Midwest as the employer of record while Case No. CV-592536 designated Car Carriers as the employer. The dockets of both cases are substantially similar. Hansford filed identical "cross-motions for summary judgment" in both actions on March 21, 2005, and responded to Midwest and Car Carrier's joint motion for summary judgment with the same brief in opposition. He also filed identical motions for "Award of Attorney fees and Expenses" in both actions on August 19, 2005.
 {¶ 13} At least one other court has addressed this issue and determined that a consolidation of two workers' compensation claims on appeal constitute one legal proceeding within the meaning of R.C. 4123.512(F). Murawski, supra at ¶ 12.
 {¶ 14} Accordingly, we conclude that although this matter was initiated by the filing of two separate actions, it proceeded as a single proceeding following the consolidation order. We therefore find that the trial court did not abuse its discretion in applying the $2,500 statutory limit set forth in R.C. 4123.512
to this matter.
 {¶ 15} Assignment of Error I is overruled.
 {¶ 16} "II. The trial court erred in failing to order appellees to reimburse the appellant for the $3,208.63 in litigation expenses, which appellant incurred during the successful prosecution of his two appeals."
 {¶ 17} We review this claim for an abuse of discretion.Pritchard v. Administrator, Bureau of Workers Compensation
(April 29, 1998), Tuscarawas App. No. 97APD080053.
 {¶ 18} In Dixon v. Ford Motor Co., Cuyahoga App. 82148, 2003-Ohio-3959, this Court noted that the two pertinent code sections regulating the award of fees and costs in a workers' compensation appeal are R.C. 4123.512(D) and R.C. 4123.512(F).
 {¶ 19} R.C. 4123.512(D) states in pertinent part:
 {¶ 20} "* * * Any party may file with the clerk prior to the trial of the action a deposition of any physician taken in accordance with the provisions of the Revised Code, which deposition may be read in the trial of the action even though the physician is a resident of or subject to service in the county in which the trial is had. The bureau of workers' compensation shall pay the cost of the stenographic deposition filed in court and of copies of the stenographic deposition for each party from the surplus fund and charge the costs thereof against the unsuccessful party if the claimant's right to participate or continue to participate is finally sustained or established in the appeal. In the event the deposition is taken and filed, the physician whose deposition is taken is not required to respond to any subpoena issued in the trial of the action * * *."
 {¶ 21} This section "concerns payment for physicians' depositions filed with the court; no matter the outcome of the appeal, claimants are reimbursed for that cost." Kilgore v.Chrysler Corporation, 92 Ohio St.3d 184, 186, 2001-Ohio-166.
 {¶ 22} As set forth previously, R.C. 4123.512(F) provides for the reimbursement of the "cost of any legal proceedings" incurred by claimants who bring successful workers' compensation appeals. Unlike section (D), section (F) is only triggered by a successful appeal by the claimant. Dixon v. Ford Motor Co., supra. The phrase "cost of any legal proceedings" in R.C. 4123.512(F) is considerably broader in scope than the phrase "cost of the deposition" in R.C. 4123.512(D). Cave v. Conrad,94 Ohio St.3d 299, 2002-Ohio-793.
 {¶ 23} Under this section, the cost or fee is recoverable if it is "reasonable litigation expenses that might have the effect of unreasonably dissipating a claimant's award." Kilgore v.Chrysler Corporation, 92 Ohio St.3d 184, 186, 2001-Ohio-166. That is, the court explained that recovery of the cost or fee is "subject to the trial court's determination of their reasonable necessity to the presentation of the claimant's appeal." Id.
 {¶ 24} The Kilgore Court noted that the purpose of sections (D) and (F) is to insure that claimants who are successful on appeal do not have their awards "dissipated by reasonable litigation expenses connected with the preparation and presentation of an appeal." Id., at 186. The court then affirmed a claimant's award of travel expenses under 4123.512(F) incurred in taking the deposition of an out-of-town expert. The court stressed that the "cost of any legal proceedings" language of R.C. 4123.512(F) "applies to costs bearing a direct relation to a claimant's appeal that lawyers traditionally charge to clients and that also have a proportionally serious impact on a claimant's award." Kilgore v. Chrysler Corporation, supra at 188. The court analyzed a fee/cost claim pursuant to R.C.4123.512(F) by determining whether they were "reasonable litigation expenses that might have the effect of unreasonably dissipating a claimant's award." The court has also determined that reimbursement for such expenses is "subject to the trial court's determination of their reasonable necessity to the presentation of the claimant's appeal." Id. Reimbursement is not allowed for the everyday cost of doing business. Id.
 {¶ 25} In Cave v. Conrad, supra at 303, the court noted that "expense of videotape depositions not used as evidence at trial is to be borne by the party taking such depositions and not taxed as costs in the action." See, also, Barrett v. Singer Co.
(1979), 60 Ohio St.2d 7, ("Pre-superintendence case law * * * is consistent with [the Rules of Superintendence] in requiring actual use of the depositions at trial as a prerequisite to allowing the expense of taking those depositions to be taxed as costs in the action").
 {¶ 26} Hansford sought reimbursement for litigation expenses that included travel costs for witnesses depositions. "[T]ravel expenses necessary for prosecuting a workers' compensation appeal are reimburseable under R.C. 4123.512(F)." Kilgore,92 Ohio St. 3d 184. Midwest and Car Carriers raised a jurisdictional dispute challenging Hansford's ability to pursue his claims with the BWC. They did not make their witnesses available for deposition in Ohio. Instead, Hansford's counsel traveled to Kansas City to depose four witnesses. The travel costs to depose these employer witnesses were reasonable litigation expenses in this case. These depositions were neither the "everyday costs of doing business" contemplated by Kilgore nor were they unreasonable or obviously unnecessary under the circumstances. However, because Hansford did not use the depositions as evidence, the law does not allow us to tax them as costs in this action. Cave, supra.
 {¶ 27} Accordingly, we sustain Assignment of Error II in part and instruct the trial court to enter judgment in favor of Hansford for the documented amount of travel costs incurred in securing the subject out-of-town depositions and otherwise affirm the trial court's judgment which denied the balance of Hansford's claim for litigation expenses.
 {¶ 28} "III. The trial court erred in failing to equally apportion the burden to pay costs and fees equally among the State and the employers."
 {¶ 29} Hansford argues that the Administrator of the Bureau, Midwest, and Car Carrier should share in the payment of his attorney fees and litigation expenses.
 {¶ 30} Pursuant to R.C. 4123.512(F), attorney fees and costs "shall be taxed against the employer or the commission if the commission or the administrator rather than the employer contested the right of the claimant to participate in the fund."
 {¶ 31} In this matter, the Administrator disallowed the claims. Accordingly, the Administrator must pay the attorney fees and costs pursuant to R.C. 4123.512(F).
 {¶ 32} Assignment of Error III is overruled.
Judgment affirmed in part; reversed in part and remanded for further proceedings consistent with this opinion.
It is ordered that appellant and appellees equally share their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Calabrese, J., Concurs A.J., Dissents (See dissenting opinion attached.)
[1] Although the provisions of R.C. 4123.512(F) were subsequently amended, effective June 30, 2006, to increase the statutory maximum attorney fees, we apply the version in effect at the time relevant to this case.