OPINION
{¶ 1} Plaintiff-appellant, Robert Azbell, appeals from the trial court's decision granting him the right to participate in the benefits of the Workers' Compensation Act for the condition described as cervical strain and denying him the right to participate in the Workers' Compensation Act for three other conditions and from the trial court's failure to grant Azbell's court costs, litigation expenses and fees. Employer, Newark Group is the appellee.
 STATEMENT OF FACTS AND LAW {¶ 2} On October 10, 2003, appellant, Robert Azbell, (hereinafter "Azbell"), sustained a work related injury during the course of his employment with Appellee, Newark Group, (hereinafter "Newark"). As a result of the injury appellant sought participation in the Workers' Compensation Fund for cervical strain and left shoulder strain.[1] On December 15, 2003, the Bureau of Workers' Compensation (hereinafter, BWC) permitted Azbell's participation. Newark moved to appeal Azbell's allowance. On or about January 22, 2004, the Industrial Commission denied Newark's request to pursue an appeal. Thereafter, pursuant to R.C. 4123.512, Newark filed an administrative appeal of the allowance in the Fairfield County Court of Common Pleas, Case Number 2004-CV-226.
 {¶ 3} On or about May 6, 2004, Azbell moved to amend his Workers' Compensation participation to include additional allowances for left rotator cuff tendonitis and the aggravation of pre-existing acromioclavicular arthritis. On June 3, 2004, the BWC granted Azbell participation for the additional allowances. The amendment was affirmed by the Industrial Commission. Thereafter, Newark filed a *Page 3 
second appeal in the Fairfield County Court of Common Pleas, appealing Azbell's additional allowance for left shoulder tendonitis and the aggravation of pre-existing acromioclavicular arthritis.
 {¶ 4} On April 27, 2005, pursuant to R.C. 4123.519 and in response to Newark's administrative appeal, Azbell filed a Petition in the Fairfield County Court of Common Pleas setting forth his claim for participation in the Workers' Compensation Fund. In the petition, Azbell sought participation for cervical strain, left shoulder strain, left rotator cuff tendonitis and the aggravation of pre-existing acromioclavicular arthritis.
 {¶ 5} On October 31, 2006, a jury was impaneled to determine whether Azbell was eligible for Workers' Compensation benefits. During the trial, and in support of the multiple claimed injuries, Azbell introduced the video taped testimony of his medical expert, Dr. Lowery.
 {¶ 6} On November 1, 2006, the jury returned a verdict finding Azbell eligible to participate in the Workers' Compensation fund for the condition of cervical strain but denied his request for participation for left shoulder strain, left shoulder tendonitis and the aggravation of pre-existing acromioclavicular arthritis. On that date, counsel for appellant told the trial court that he would draft an entry which dealt with costs.
 {¶ 7} On December 7, 2006, Newark, a successful litigant on three of the four claims, filed a motion for the taxation of costs with a proposed judgment entry. This was filed more than a month after the trial was complete. At that time no proposed judgment entry had been filed with the court by appellant. In the motion, Newark set out the costs for which reimbursement was sought and supported the request with copies of invoices. *Page 4 
In addition, the motion was accompanied by a detailed memorandum in support. In the memorandum in support the appellee stated in pertinent part as follows:
 {¶ 8} "In his submitted judgment entry, Plaintiff proposes reimbursement from Newark Group for the full amount of the Dr. Lowery's fee for the trial deposition in the amount of $575.00; reimbursement for a copy of both stenographic and videographic transcripts of Dr. Lowery's trial deposition in the amount of $770.00; stenographic transcript of Dr. David in the amount of $95.65; filing fees; and various other miscellaneous expenses. Plaintiff also seeks attorney fees pursuant to R.C. 4123.512(F).
 {¶ 9} "Conversely, in its judgment entry, Newark Group proposes that Plaintiffs costs associated with either the stenographic or videographic deposition transcripts of Dr. Lowery, Dr. David and Dr. Finneran be assessed against the Defendant Administrator, Bureau of Workers' Compensation in light of the jury verdict. Additionally, Newark Group is accountable for only a portion of the fees associated with Dr. Lowery's trial deposition, namely those associated with the `cervical strain' in the amount of $150.00. Newark agrees to the payment of attorney fees to Plaintiff's counsel, in the amount of $2,500.00 pursuant to R.C. 4123.512(F). Additionally, Newark Group proposes reimbursement from the Defendant Administrator, Bureau Workers' Compensation for its costs in connection with the stenographic deposition of Dr. David, Dr. Finneran and Dr. Lowery in the amount of $857.80 as it is also the prevailing party in the case. Newark proposes that each party bear its own costs." (Defendant Newark Group, Inc.'s Combined Motion for Taxation of Costs and Memorandum in Support of *Page 5 
Proposed Judgment Entry and Opposition to Plaintiffs Proposed Judgment Entry" at pages 3 and 4).
 {¶ 10} On December 8, 2006, Azbell, being a successful claimant on one of the four claims, also filed a motion to assign costs and expenses and requested a hearing. Azbell's motion to assign costs did not include a proposed judgment entry or any documentation in support of his costs associated with the litigation.
 {¶ 11} On December 8, 2006, the trial court adopted Newark's proposed judgment entry. Pursuant to the entry, the trial court awarded to Newark and against the Bureau of Workers' Compensation, eight hundred and fifty seven dollars and eighty cents ($857.80) in costs, and further awarded Azbell zero dollars ($0.00) in costs. The trial court also ordered each party to bear its/his own court costs and ordered Newark to pay Azbell's attorney's fees in the amount of two thousand and five hundred ($2,500.00) dollars.
 {¶ 12} On December 13, 2006, Azbell filed a "Motion in Support of Expenses and Costs". In the motion Azbell listed the following costs for which he sought reimbursement as follows: (1) From the employer: $2,500.00 "for efforts expended in litigation per R.C. 4123.512(F); "$575.00 for Dr. Lowery's fee for expert testimony"; "$27.00 mileage for Dr. Lowery's depo."; and "$350.00 copy of videotape of Dr. Lowery's deposition"; (2) From BWC: "$95.65 Dr. David's stenographic transcript"; "$420.00 Dr. Lowery's stenographic transcript". (See Plaintiff's Motion in Support of Expenses and Costs").
 {¶ 13} On December 13, 2006, the trial court issued an entry that stated as follows: *Page 6 
 {¶ 14} "This matter comes before the Court upon Plaintiffs Motion for a Hearing to Assign Costs and Expenses for Judgment Entry filed on December 8, 2006 and Defendant the Newark Group's Combined Motion for Taxation of Costs filed on December 7, 2006. On December 8, 2006, a Judgment Entry was filed which resolved the pending motions.
 {¶ 15} "Upon consideration, therefore, the above Motions are hereby DENIED as moot. With the denial of the above Motions, the Judgment Entry filed on December 8, 2006 is now a final appealable order * * *."
 {¶ 16} On January 3, 2007, the trial court issued a Nunc Pro Tunc Judgment Entry which was identical to the December 8, 2006, Judgment Entry except that the Nunc Pro Tunc Judgment Entry did not contain the language from the original December 8, 2006, Judgment Entry which had indicated "approved by and copies to" the parties. The Nunc Pro Tunc Judgment Entry replaced the "approved by and copies to" with "copies to" the parties language.
 {¶ 17} Azbell now seeks to appeal from the December 8, 2006, December 13, 2006 and January 3, 2007 (nunc pro tunc), judgment entries, setting forth the following assignments of error:[2]
 {¶ 18} "I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY FAILING TO AWARD STENOGRAPHIC DEPOSITION COSTS TO APPELLANT ACCORDING TO R.C. 4123.512(D). *Page 7 
 {¶ 19} "II. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY FAILING TO AWARD THE COSTS OF THE TRIAL TO APPELLANT ACCORDING TO R.C. 4321.512(F).
 {¶ 20} "III. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR FAILING TO GIVE APPELLANT'S COMPLETE JURY INSTRUCTION STATING THAT AN "AGGRAVATION" INCLUDES AN INJURY HAVING SOME REAL ADVERSE EFFECT, EVEN IF THAT EFFECT IS RELATIVELY SLIGHT."
 I {¶ 21} In the first assignment of error Azbell argues that, pursuant to R.C. 4123.512(D), the trial court abused its discretion in failing to grant him reimbursement of the stenographic costs for the depositions of two medical experts, Dr. David and Dr. Lowery. Specifically, Azbell seeks reimbursement in the following amounts: ninety five dollars and sixty five cents ($95.65) for the stenographic deposition costs for Dr. David's testimony and four hundred and twenty ($420.00) dollars in stenographic deposition costs for Dr. Lowery's testimony.
 {¶ 22} The decision to grant or deny costs to a successful claimant lies in the trial court's sound discretion. Pritchard v. Administrator,Bureau Workers Compensation, Tuscarawas App. No. 97APPD080053 (April 29, 1988), unreported; Hansford v. Midwest Staff Solutions, Cuyahoga App. No. 87226, 2006-Ohio-5581. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140. *Page 8 
 {¶ 23} R.C. 4123.512(D) concerns the reimbursement of deposition costs in a Workers' Compensation matter and states in pertinent part as follows:
 {¶ 24} "Any party may file with the clerk prior to the trial of the action a deposition of any physician taken in accordance with the provisions of the Revised Code, which deposition may be read in the trial of the action * * * The bureau of workers' compensation shall pay the cost of the stenographic deposition filed in court and of copies of the stenographic deposition for each party from the surplus fund and charge the costs thereof against the unsuccessful party if the claimant's right to participate or continue to participate is finally sustained or established in the appeal. * * *"
 {¶ 25} Newark concedes that pursuant to R.C. 4123.512(D), Azbell is entitled to reimbursement of the stenographic deposition costs of Azbell's two medical experts. However, Newark argues that appellant failed to provide the trial court with documentation setting forth the deposition costs. Newark therefore, argues that the trial court did not abuse its discretion in making a zero award.[3]
 {¶ 26} We do not accept that argument of appellee. Appellee never challenged the amount of appellant's costs to the trial court. In fact, appellee informed the trial court of some of appellant's costs. In appellee's motion filed on December 8, 2006, appellee stated that the appellant requested reimbursement for costs as follows: "the full amount of the Dr. Lowery's fee for the trial deposition in the amount of $575.00; reimbursement for a copy of both stenographic and videographic transcripts of Dr. *Page 9 
Lowery's trial deposition in the amount of $770.00; [and the] stenographic transcript of Dr. David in the amount of $95.65."
 {¶ 27} Therefore, we find that the trial court abused its discretion in failing to award to appellant the stenographic costs for the depositions of Dr. Lowery and Dr. David as required by R.C. 4123.512(D), subject to the limitation discussed in the following assignment of error.
 {¶ 28} For these reasons we hereby sustain appellant's first assignment of error.
 II {¶ 29} In the second assignment of error, appellant argues that the trial court abused its discretion in denying him reimbursement for the costs of the trial. Specifically, appellant seeks reimbursement for his expert witness videotape deposition costs, Dr. Lowery's expert witness fee for participating in the deposition, the court's filing fee and the jury fee. Appellant argues that he should be reimbursed as follows: five hundred and seventy five ($575.00) dollars for Dr. Lowery's expert witness fee for participating in the deposition; three hundred and fifty ($350.00) dollars for the videotaped deposition charge for the videotape introduced at trial; one hundred and thirty ($130.00) dollars for the court's filing fee; and, five hundred ($500.00) dollars for the jury deposit.
 {¶ 30} Initially we note that, R.C. 4123.512 infers that a "claimant" is the employee seeking participation in the Worker's Compensation Fund. See, Wean v. Mabe, Trumbull App. No. 2006-T-0064, 2007-Ohio-1774. Therefore, we can logically conclude that a successful claimant is one who seeks and is granted participation in the Workers' Compensation Fund. *Page 10 
 {¶ 31} The decision to grant or deny costs to a successful claimant lies in the trial court's sound discretion. Pritchard v. Administrator,Bureau Workers Compensation, supra; Hansford v. Midwest StaffSolutions, supra. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore, supra.
 {¶ 32} R.C. 4123.512(F) sets forth the requirements for reimbursement of fees and costs in a Workers' Compensation appeal and states in pertinent part as follows:
 {¶ 33} "[t]he costs of any legal proceedings authorized by this section, including an attorney's fee to the claimant's attorney to be fixed by the trial judge, based upon the effort expended, in the event the claimant's right to participate or to continue to participate in the fund is established upon the final determination of an appeal, shall be taxed against the employer * * * The attorney's fees shall not exceed twenty-five hundred dollars."[4] See also, Moore v. General MotorsCorp. (1985), 18 Ohio St. 3d 259, 480 N.E. 2d 1101, (wherein employer appealed claimant employee's right to participate in the Workers' Compensation Fund, and fees and costs were awarded to the employee as the successful claimant.)
 {¶ 34} "Under this section, the costs or fee is recoverable if it is `reasonable litigation expenses that might have the effect of unreasonably dissipating a claimant's award.'" Hansford v. Midwest StaffSolutions, Supra at paragraph 23, citing Kilgore v. ChryslerCorporation, 92 Ohio St. 3d 184, 2001-Ohio-166, 749 N.E.2d 267. *Page 11 
 {¶ 35} In Bulstrom v. Administrator, Bureau Workers'Compensation, Stark App. No. 2004CA00307, 2005-Ohio-1751, this Court noted that the issue of what constitutes "costs" in R.C. 4123 is an evolving issue. In, Moore v. Gen. Motors Corp. 18 Ohio St.3d at 261-262,480 N.E.2d at 1103, the Court stated that "the workers' compensation" statutes are designed to reimburse plaintiffs who are successful in appeals in order to "minimize the actual expense incurred by an injured employee who establishes his or her right to participate in the fund." In Moore, the Court noted that by enacting such statutes, the General Assembly "demonstrated its intent that a claimant's recovery shall not be dissipated by reasonable litigation expenses connected with the preparation and presentation of an appeal * * *." Moore v. GeneralMotors Corp. 18 Ohio St. 3d at 262. 480 N.E.2d at 1103.
 {¶ 36} "Costs" are generally defined as the statutory fees to which officers, witnesses, jurors, and others are entitled for their services in an action and which the statute authorizes to be taxed and included in the judgment. Cave v. Conrad (2002), 94 Ohio St. 3d 299,2001-Ohio-793, 762 N.E. 2d 991, paragraph two of the Syllabus.
 {¶ 37} In Moore, the court recognized that as a matter of public policy, the fee paid to an expert in the preparation and giving of a deposition is payable to a successful claimant. Id.,18 Ohio St.3d at 262, 480 N.E.2d at 1103. Additionally, pursuant to R.C. 4123.512(F), the costs to videotape an expert's deposition(s) which is introduced into evidence, may be taxed as costs to a successful claimant. Cave v.Conrad, supra.
 {¶ 38} In Bulstrom v. Administrator, Ohio Bureau of Workers'Compensation, supra, this court examined whether a successful claimant was entitled to a dual recovery for both stenographic deposition costs and videotape deposition costs. This *Page 12 
Court followed the decision in State ex rel. Williams v. Colasurd,71 Ohio St.3d 642, 1995-Ohio-236, 646 N.E.2d 830 and C.P. Sup. R. 13(D)(1) and (2) and, concluded that "[u]nder the Ohio Rules of Superintendence, duplicate costs are not allowable." This Court further held that "the law of Colasurd and the Rules of Superintendence prohibit duplicate costs for stenographic and videotape depositions of the same party when only the videotape deposition is presented at trial." Essentially, this Court stated that an appellant must choose the recovery costs for either stenographic depositions or videotape depositions but not both. Id. at paragraphs 29 and 30.
 {¶ 39} In this case, appellant characterizes himself as a successful claimant, because he was successful in being awarded participation for cervical strain, one of his four claims. Appellee claims to be a successful litigant because appellant was denied participation for three of his four claims including, left shoulder strain, left shoulder tendonitis and the aggravation of pre-existing acromioclavicular arthritis. Appellee is not a claimant.
 {¶ 40} Appellee argues that, in accordance with the holding inBooher v. Honda of America Mfg. Inc. (1996), 113 Ohio App. 3d 798,682 N.E.2d 657, the litigation expenses and costs should be apportioned in accordance with each party's rate of success in the litigation (i.e. appellee should only be responsible for ¼ of the expert's costs or $150.00 of the $575.00 of the expert witness fee) and each party should be responsible for their own court costs. Additionally, appellee argues that pursuant to Bulstrom, appellant should not be reimbursed for both the stenographic deposition fees and the video deposition fee. *Page 13 
 {¶ 41} In Booher, the Workers' Compensation claimant presented the testimony of two medical experts. One medical expert testified on behalf of the claimant's right to participate for a lumbar sprain. The second expert witness testified on behalf of the claimant's right to participate for a herniated disc. After the presentation of evidence the claimant was successful in asserting her right to participate in the Workers' Compensation Fund for the lumbar sprain but was unsuccessful with regard to her second claim for a herniated disc. After a hearing on the taxation of costs, the trial court apportioned expert fees, by each individual expert, and in accordance with each party's success in the litigation. Because the medical expert witness fees were easily distinguishable with regard to each claim the court denied the claimant reimbursement for the medical expert witness fees for her unsuccessful claim, (i.e. the herniated disc). Therefore, it appears that based on the circumstances of the claimant in the Booher case, the court found the litigation expenses to be clearly distinguishable and easily apportioned based on a claimant's success in the litigation. Furthermore, the Boohler court did not address reasonable litigation expenses such as the filing fee and juror fees.
 {¶ 42} In this case, unlike Booher, appellant only presented the videotaped testimony of one medical expert, Dr. Lowery. Dr. Lowery testified in support of all four of Azbell's claims for participation. Dr. Lowery's testimony included a history of appellant's medical diagnosis and treatment, as well as an expert opinion as to whether the injuries, and the aggravation of the pre-existing injuries, were work related. Dr. Lowery's expert medical testimony stemmed from one course of interrelated, ongoing medical treatment. It would be difficult, if not impossible for the trial court to determine what percentage of *Page 14 
the doctor's testimony was relevant to a particular injury. It would be equally difficult to then determine a percentage of apportionment for medical expert fees and costs.
 {¶ 43} Accordingly, based upon the circumstances present in this case, and construing the Workers' Compensation statute in favor of the claimant as being a "successful claimant" entitled to reimbursement of reasonable litigation fees and expenses, we find that the trial court erred in failing to award to appellant, Dr. Lowery's expert witness fee.
 {¶ 44} We further find that appellant is entitled to an award for either the stenographic deposition costs or the videotape deposition costs for the same witness, but not both.
 {¶ 45} With regard to the costs of the action, the statute states that a successful claimant shall be awarded "[t]he costs of any legal proceedings authorized by this section," (i.e. 4123). R.C. 4123.51.2(F). The record indicates that appellant's filing fees and other court costs for the case sub judice would have been the same for one claim as they were for four. Additionally, the decision that appellant could participate in the Workers' Compensation Act for cervical strain, made him a successful claimant entitled to full reimbursement for all reasonable costs associated with the litigation. We believe that this conclusion is in accordance with the philosophy that the workers' compensation statutes are to be liberally construed in favor of the claimant. See R.C. 4123.95.
 {¶ 46} For these reasons we find that the trial court abused its discretion in failing to award to appellant the reasonable litigation expenses which include any court costs for the jury that was impaneled on October 31, 2006, and one hundred and thirty dollars ($130.00) for the trial court's filing fee. *Page 15 
 {¶ 47} Accordingly appellant's second assignment of error is well taken and is hereby sustained.
 III {¶ 48} In his third assignment of error, appellant argues that the trial court abused its discretion by failing to give appellant's proposed jury instruction on aggravation. Essentially appellant argues that the standard Ohio Jury Instruction which instructed the jury that an aggravation of an injury need not be substantial for workers' compensation participation, failed to provide the jury with the complete law. Appellant argues that the instruction should have included language from footnote 1, in Schell v. Globe Trucking Inc, (1990),48 Ohio St.3d 1, 548 N.E.2d 920, stating that "an aggravation of a pre-existing condition having some real adverse effect, even if the effect was relatively slight, would be within our understanding of the definition of injury" for purposes of workers' compensation participation. Essentially, appellant argues that there is a material, prejudicial difference between the language of "need not be substantial" and "having some real adverse effect even if the effect was relatively slight." We disagree.
 {¶ 49} A trial court is required to charge the jury with instructions that are an accurate and complete statement of the applicable law.Marshall v. Gibson (1985), 19 Ohio St. 3d 10, 12, 482 N.E.2d 583;Cleveland Elec. Illuminating Co v. Astorhust Land Co. (1985),18 Ohio St. 3d 268, 272, 480 N.E.2d 794.
 {¶ 50} A charge to the jury should be a plain, distinct, and unambiguous statement of the law that is applicable to the case, made before the jury, by the proof adduced." Marshall v Gibson,19 Ohio St. 3d at 12, 482 N.E.2d 583. *Page 16 
 {¶ 51} A trial court is not required to give a proposed instruction in the precise language provided, even if the proposed instruction states an applicable rule of law. Henderson v. Spring Run Allotment (1994),99 Ohio App.3d 633, 638, 651 N.E.2d 489. The court has its own discretion to use its own language to communicate the same legal principles.Youssef v. Parr, Inc. (1990), 69 Ohio App. 3d 679, 690, 591 N.E. 2d 762,769. Additionally, the court has the discretion to refuse to give a proposed jury instruction if that instruction is either redundant or immaterial to the case. Bostic v. Connor (1988), 37 Ohio St.3d 144, 148,524 N.E.2d 881.
 {¶ 52} A trial court's failure to give a proposed jury instruction is only reversible error if the defendant demonstrates that the trial court abused its discretion, and that the defendant was prejudiced by the court's refusal to give the proposed instruction. Jaworowski v. Med.Radiation Consultants (1991), 71 Ohio App.3d 320, 327, 594 N.E.2d 9. Prejudicial error only occurs if the alleged instructional flaw cripples the entire charge. Jaworowski v. Med. Radiation Consultants,71 Ohio App.3d at 327-328, 594 N.E.2d 9.
 {¶ 53} An abuse of discretion connotes more than an error of law or judgment; rather, it suggests that the lower court's attitude was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore, supra. When applying the foregoing standard, an appellate court may not substitute its judgment for that of the trial court. Pons v. Ohio StateMed. Bd. (1993), 66 Ohio St. 3d 619, 621, 1993-Ohio-122, 614 N.E.2d 748. Absent an abuse of discretion this court must affirm the trial court's jury instruction where the law is accurately stated. Chambers v. Admr,Ohio Bur. Of Workers' Comp., 164 Ohio App. 3d 397, 2005-Ohio-6086,842 N.E.2d 580. *Page 17 
 {¶ 54} In this case, the trial court instructed the jury in accordance with 3 O.J.I. 365.13 as follows: "Employers take their employees as they find them and assume the risk of having an employee's pre-exiting condition made worse by some injury which would not hurt or bother a perfectly healthy person. It is not necessary for the employee to prove the aggravation is substantial in order to participate in the Workers' Compensation Fund."
 {¶ 55} The trial court declined to supplement the language pursuant to the footnote in Schell v. Globe Trucking, Inc. (1990), 48 Ohio St. 3d 1,548 N.E.2d 920, to state that "an aggravation of pre-existing condition having some real adverse effect, even if that effect was relatively slight, would be within our understanding of the definition of "injury" for this purpose".
 {¶ 56} Upon a review, we find that the Schell case involved a dispute over whether the aggravation of a pre-existing injury must be substantial in order for a claimant to participate in Workers' Compensation Fund. The Schell court held in the syllabus that "a workers' compensation claimant who has proven a work-related aggravation of a pre-existing condition is not required to prove that the aggravation is substantial in order to be entitled to a determination of the extent of his participation in the State Insurance Fund." This holding is essentially quoted in the language of 3 O.J.I. 365.13 which was given as the jury instruction in this case. The entire footnote inSchell reads, "We assume that an `aggravation' of a pre-existing condition that was so negligible as not to be of any consequence would not be what the General Assembly had in mind by the term `injury' for workers' compensation purposes. However, an aggravation of a pre-existing condition having some real adverse effect, even if that *Page 18 
effect was relatively slight, would be within our understanding of the definition of `injury' for this purpose." We find that the second sentence in this footnote does not make a significantly different statement than the one the Ohio Supreme Court made in the syllabus. In addition, the second sentence of the footnote was made to elaborate the first sentence of the footnote. Essentially, we conclude that the footnote language is not as different from appellant's proposed jury instruction as to cripple the entire charge. See, Walker v. Conrad, Montgomery App. No. 19704, 2004-Ohio-259.
 {¶ 57} Therefore, we conclude that appellant's proposed jury instruction would not have provided the jury with a more complete instruction of the applicable law. For this reason we do not find that the instruction was prejudicial and/or that the trial court abused its discretion in instructing the jury pursuant to the standard Ohio Jury Instructions.
 {¶ 58} In addition, Rep. R. 1(B)(2) of the Ohio Supreme Court Rules for the Reporting of Opinions states, "If there is disharmony between the syllabus of an opinion and its text or footnotes, the syllabus controls." The version of this rule in effect prior to May 1, 2002, read, "The syllabus of a Supreme Court Opinion states the controlling point or points of law decided in and necessarily arising from the facts of the specific case before the court on adjudication." In other words, if there is a substantive difference between what the footnote says and what the syllabus says, the syllabus controls.
 {¶ 59} Accordingly, appellant's third assignment of error is hereby overruled.
 {¶ 60} The Judgment of the Fairfield County Court of Common Pleas is affirmed as to the trial court's granting of and denial of appellant's right to participate in the *Page 19 
benefits of the Ohio Workers' Compensation Act. The judgment of the Fairfield County Court of Common Pleas is reversed as to the allocation of the costs. The matter is hereby remanded for further proceedings in accordance with this opinion and applicable law.
Gwin, P.J. concur and Hoffman, J. concurs in part and dissents in part
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Fairfield County Court of Common Pleas is affirmed in part and reversed and remanded in part. Costs assessed 50% to appellant and 50% to appellees.
[1] Bureau of Worker's Compensation Claim No. 03-865136.
[2] Appellant initially filed notices of appeal to the three separate judgment entries in Case Numbers 07CA01, 07CA04 and 07CA05. On March 14, 2007, by order of this Court the matters were consolidated for review with Case Number 07CA05 being controlling.
[3] "Although the injured worker is entitled to reimbursement under this statute, regardless of the verdict, a trial court is not required to blindly order payment from the surplus fund.* ** A ppellant failed to submit any documentation in the form of invoices, checks, etc. to the trial court verifying his deposition costs." Newark's Brief in Opposition at page 3.
[4] Effective June 30, 2006, R.C. 4123.512 was amended by 2006 S 7 to substitute "forty-two" for "twenty-five" in the last sentence of division (F). The last sentence of the statute therefore reads as follows: "The attorney's fee shall not exceed forty-two hundred dollars."